FILED ___ LODGED
___ RECEIVED ___ COPY

JUN 26 2018

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

REDACTED FOR
PUBLIC DISCLOSURE

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>1. Corey Webster Newkirk,<br>2. Gabriel Mario Morales, and<br>3. Jesus Humberto Barrera Estrada,<br><br>Defendants. | No. CR-18-00882-PHX-DLR (ESW)<br><br>**I N D I C T M E N T**<br><br>VIO: 18 U.S.C. §§ 1201(c) and 2<br>(Conspiracy to Commit Interstate Kidnapping and Aid and Abet)<br>Count 1<br><br>18 U.S.C. §§ 1201(a)(1) and 2<br>(Interstate Kidnapping and Aid and Abet)<br>Count 2<br><br>18 U.S.C. §§ 924(c)(1)(A) and 2<br>(Possession/Use of a Firearm in a Crime of Violence and Aid and Abet)<br>Count 3<br><br>18 U.S.C. §§ 2261A(1) and 2<br>(Interstate Stalking and Aid and Abet)<br>Count 4<br><br>18 U.S.C. §§ 924(d) and 981,<br>21 U.S.C. § 853, and<br>28 U.S.C. § 2461(c)<br>(Forfeiture Allegation) |

THE GRAND JURY CHARGES:

**COUNT 1**

Beginning on or about May 27, 2018, and continuing to on or about June 5, 2018, in the District of Arizona, Defendants COREY WEBSTER NEWKIRK, GABRIEL MARIO MORALES, and JESUS HUMBERTO BARRERA ESTRADA knowingly and

intentionally conspired and agreed to commit the following offense against the United States of America: Interstate Kidnapping, in violation of Title 18, United States Code, Section 1201(a)(1), as charged in Count 2.

## METHOD AND MEANS OF THE CONSPIRACY

It was a part of the conspiracy that the defendants would unlawfully kidnap, abduct, seize, confine, inveigle, carry away, and hold for ransom, reward, or otherwise, K.C.S., and intentionally transport K.C.S. across state lines.

## OVERT ACTS

In furtherance of the aforesaid conspiracy, and to effect the objects of the conspiracy, Defendants COREY WEBSTER NEWKIRK, GABRIEL MARIO MORALES, and JESUS HUMBERTO BARRERA ESTRADA performed and caused to be performed, among others, the following overt acts, on or between May 27, 2018, and June 5, 2018:

a. The three defendants surveilled K.C.S. and her family at her mother's residence in Palmdale, California;

b. Before leaving the Phoenix area on or about May 28, 2018, Defendant NEWKIRK drove victim K.C.S.'s vehicle, with MORALES and BARRERA ESTRADA riding as passengers, around Scottsdale and Tempe to obtain items to facilitate their plan;

c. One place the three defendants drove was to an alley in Scottsdale, Arizona, where Defendant MORALES retrieved a hidden Torres PT22 handgun, which was later determined to be stolen;

d. Defendant MORALES loaded the gun in the presence of Defendants NEWKIRK and BARRERA ESTRADA;

e. The three defendants discussed their decision to have the gun for their safety in the event their plan became jeopardized;

f. On or about May 28, 2018, the three defendants drove approximately 400 miles from Scottsdale, Arizona, to Palmdale, California, to stalk and kidnap K.C.S.;

g. To facilitate their plan, the three defendants visited multiple stores in Arizona and

California, including Big 5 Sporting Goods, AutoZone, and HomeDepot, to obtain items for their conspiracy;

h. The three defendants shoplifted or purchased bear mace, pepper spray, respirators, a knife, and binoculars;

i. Once in the Los Angeles area, the three defendants also purchased a GPS tracker from SpyShopOne in Sherman Oaks, California;

j. The three defendants learned how to track the GPS device through the website "mytkstar.net";

k. The three defendants used two iPhones to facilitate their communication during the timeframe of the conspiracy;

l. The three defendants lived out of K.C.S.'s car, which they parked in her mother's residential neighborhood in Palmdale, California, and played various roles relevant to the surveillance of K.C.S. and her family, such as driver, lookout, and records researcher;

m. The three defendants utilized various smartphone applications to facilitate their surveillance of K.C.S., her family members, and various vehicles or individuals who came into contact with her mother's residence;

n. The three defendants went to an Enterprise rental car location in Palmdale, California, to inspect and research a Chevy Camaro similar to the one K.C.S.'s mother drove;

o. On May 31, 2018, Defendant MORALES physically placed the GPS tracker on K.C.S.'s mother's Chevy Camaro;

p. The group agreed Defendant BARRERA ESTRADA would use his cell phone to monitor the "mytkstar.net" website and application to track the movement of the Camaro;

q. The three discussed a plan to follow K.C.S. and her family to an Applebee's in Palmdale, California, on June 4, 2018, the evening of K.C.S. and her twin sister's birthday celebration;

r. On the evening of June 4, 2018, the three defendants confirmed, through the GPS tracker, that K.C.S.'s mother's vehicle was parked outside the Applebee's;

s. The three defendants practiced escape routes from the Applebee's parking area;

t. When K.C.S., her mother, her sister, two minor foster siblings, and an adult male family friend exited the restaurant, the three defendants, each armed with a can of mace or pepper spray, approached and sprayed the group, causing discomfort and confusion;

u. Defendant BARRERA ESTRADA physically restrained K.C.S. and with Defendant NEWKIRK's assistance, forcefully pushed her into the backseat of her car, which Defendant NEWKIRK had parked and had waiting nearby;

v. Once K.C.S. and the three defendants were in the vehicle, Defendant NEWKIRK drove off at a high rate of speed, and Defendant BARRERA ESTRADA sat on top of K.C.S. in the backseat to prevent her from moving;

w. During the drive back to Arizona, Defendant NEWKIRK, along with the other two defendants, activated the child-lock safety feature on K.C.S.'s rear passenger door so she could not leave;

x. In the early morning hours of June 5, 2018, the three defendants stopped for gas at a Flying J Travel Center in Ehrenberg, Arizona;

y. In Quartzsite, Arizona, a local police officer pulled over the vehicle, at which time Defendant NEWKIRK told K.C.S. she better not say anything about what was going on.

In violation of Title 18, United States Code, Sections 1201(c) and 2.

### COUNT 2

On or between June 4, 2018, and June 5, 2018, in the District of Arizona, Defendants COREY WEBSTER NEWKIRK, GABRIEL MARIO MORALES, and JESUS HUMBERTO BARRERA ESTRADA unlawfully kidnapped, abducted, seized, confined, inveigled, carried away, and held for ransom, reward, or otherwise, K.C.S., and intentionally transported K.C.S. across state lines.

In violation of Title 18, United States Code, Sections 1201(a)(1) and 2.

## COUNT 3

On or between May 27, 2018, and June 5, 2018, in the District of Arizona, Defendants COREY WEBSTER NEWKIRK, GABRIEL MARIO MORALES, and JESUS HUMBERTO BARRERA ESTRADA, knowingly used and carried a firearm during and in relation to a crime of violence, and knowingly possessed a firearm in furtherance of a crime of violence, that is Interstate Kidnapping, a felony crime prosecutable in a Court of the United States, as alleged in Count 2 of this Indictment.

In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT 4

On or between May 27, 2018, and June 5, 2018, in the District of Arizona and elsewhere, Defendants COREY WEBSTER NEWKIRK, GABRIEL MARIO MORALES, and JESUS HUMBERTO BARRERA ESTRADA traveled in interstate commerce from Scottsdale, Arizona, to Palmdale, California, with the intent to place under surveillance with intent to kill, injure, harass, and intimidate another person, K.C.S., and in the course of and as a result of such travel, placed that person in reasonable fear of the death of, or serious bodily injury, or caused substantial emotional distress to, that person and a member of the immediate family of that person.

In violation of Title 18, United States Code, Sections 2261A(1) and 2.

## FORFEITURE ALLEGATION

The allegations contained in Counts 1-4 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c).

Upon conviction for any offense set forth in this Indictment, Defendants COREY WEBSTER NEWKIRK, GABRIEL MARIO MORALES, and JESUS HUMBERTO BARRERA ESTRADA shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any and all firearms, ammunition, and various property involved in or used in commission of the

offense, including, but not limited to: one (1) Taurus PT-22 .22 caliber handgun (SN Z000837) and one (1) or more rounds of .22 caliber ammunition.

If any of the property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 924(d) and 981, Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c).

A TRUE BILL

*s/*
FOREPERSON OF THE GRAND JURY
Date: June 26, 2018

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

*s/*
CHRISTINA WU COVAULT
Assistant U.S. Attorney