1  ELIZABETH A. STRANGE
   First Assistant United States Attorney
2  District of Arizona

3  CHRISTINA WU COVAULT
   Assistant U.S. Attorney
4  Arizona State Bar No. 025840
   Two Renaissance Square
5  40 N. Central Ave., Suite 1800
   Phoenix, Arizona 85004
6  Telephone: 602-514-7500
   Email: christina.covault@usdoj.gov
7

8                  UNITED STATES DISTRICT COURT

9                      DISTRICT OF ARIZONA

10
    United States of America,                    CR- 18-882-001-PHX-DLR (ESW)
11
                    Plaintiff,
12                                                **PLEA AGREEMENT**
        vs.
13

14  Corey Webster Newkirk,

15                  Defendant.

16      Plaintiff, United States of America, and Defendant, Corey Webster Newkirk, hereby
17  agree to dispose of this matter on the following terms and conditions:

18  **1.    PLEA**
19
        Ddefendant will plead guilty to Count 2 of the Indictment charging him with a
20
    violation of Title 18, United States Code (U.S.C.) §§ 1201(a)(1) and (2), Interstate
21
    Kidnapping (Aid and Abet), a Class A felony offense.
22
    **2.    MAXIMUM PENALTIES**
23
        a.    A violation of 18 U.S.C. § 1201(a)(1) is punishable by a maximum fine of
24
    $250,000, a maximum term of imprisonment of life, or both, and a term of supervised
25
    release of up to five years.
26
        b.    According to the Sentencing Guidelines issued pursuant to the Sentencing
27
    Reform Act of 1984, the Court shall order the defendant to:
28
            (1)    make restitution to any victim of the offense pursuant to 18 U.S.C. §

3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

        (2)     pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

        (3)     serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

        (4)     pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

    c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3.**    <u>**AGREEMENTS REGARDING SENTENCING**</u>

    a.    Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulate that Defendant's sentence shall not exceed the low end of the applicable sentencing range under the U.S. Sentencing Guidelines, which range will be determined by the Court at sentencing.

    b.    Stipulation. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and Defendant stipulate and agree that a two-level enhancement under Sentencing Guidelines Section 3B1.1(c) (Aggravating Role) will be applied to Defendant's offense level calculation.

    c.    Defendant agrees to have no contact, direct or indirect, with the victim and her immediate family.

    d.    Restitution. Pursuant to 18 U.S.C. § 3663 and/or 3663A, Defendant specifically agrees to make restitution in the amount to be determined by the Court at the time of sentencing but in no event more than $100,000. This restitution order shall include

restitution, if ordered, for dismissed counts and uncharged conduct.

e.    Acceptance of Responsibility.   If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a).  If the defendant has an offense level of 16 or more, the United States will move for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

f.    Non-Binding   Recommendations.   Defendant   understands   that recommendations are not binding on the Court.  Defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

4.    **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a.    Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss Counts 1, 3, and 4 at the time of sentencing.

b.    This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office or state prosecuting agency.

5.    **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a.    If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

b.    If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and

- 3 -

any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

a. Providing the defendant's sentence is consistent with this agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c). The defendant acknowledges that if the Court has sentenced the defendant according to the terms of this agreement, this waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.

b. Notice of Intent to Destroy Biological Evidence. The government obtained biological evidence in the form of blood for use in its case. The government has preserved that evidence, pursuant to Title 18, United States Code, Section 3600A. Once your conviction becomes final, you will have 180 days to file a motion pursuant to Title 18,

- 4 -

United States Code, Section 3600, for testing of that evidence. If no such notice is timely filed, the government will dispose of that sample.

**7.    DISCLOSURE OF INFORMATION**

a.    The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

b.    Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

c.    The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

(1)    criminal convictions, history of drug abuse, and mental illness; and

(2)    financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

**8.    FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**

a.    Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment

**9.    ELEMENTS**

**Interstate Kidnapping (18 U.S.C. § 1201(a)(1))**

On or between June 4, 2018, and June 5, 2018, in the District of Arizona, Defendant:

1.  Unlawfully kidnapped, abducted, seized, confined, inveigled, carried away, or held the victim for ransom, reward, or otherwise; and
2.  Intentionally transported the victim across state lines.

**10.  FACTUAL BASIS**

a.  Defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

On or about June 4, 2018, and continuing to on or about June 5, 2018, I, Corey Webster Newkirk, along with my co-defendants Gabriel Mario Morales and Jesus Humberto Barrera Estrada, unlawfully kidnapped K.C.S, my former girlfriend and cohabitating partner, against her will and intentionally transported her from California to Arizona.

After an argument on or about May 27, 2018, K.C.S. went to California, and I was determined to speak with her away from her family. On or about May 28, 2018, I drove K.C.S.'s 2013 Volkswagen CC vehicle, with Morales and Barrera Estrada as my passengers, from Phoenix, Arizona, to Palmdale, California and surrounding areas.  Prior to leaving Arizona, I knew that Morales obtained a handgun, which was later determined to be stolen.  In Arizona and/or California, I, along with Morales and Barrera Estrada shoplifted or purchased several supplies including mace/pepper spray, a knife, binoculars, and a GPS tracker.  Over the next several days, I, along with Morales and Barrera Estrada, clandestinely surveilled the activities of K.C.S. and relatives in Palmdale, California.  On the evening of June 4, 2018, Morales, Barrera Estrada, and I, using information from the tracker, followed K.C.S. and her family an Applebee's restaurant in Palmdale and approached them on foot as they left the restaurant.  Morales, Barrera Estrada, and I ~~each~~ pepper sprayed K.C.S., her sister, and K.F., who was with them. We physically restrained K.C.S., and Barrera-Estrada pushed her into the back seat of the Volkswagen.  With K.C.S. restrained in the back, Barrera

- 6 -

Estrada as the other rear passenger (at times laying on K.C.S.), and Morales as the front passenger, I drove the vehicle away from the Applebee's and ultimately east across the Arizona border. K.C.S. never agreed to come with us. After a Quartzsite, Arizona police officer conducted a traffic stop on our vehicle and K.C.S. alerted the officer she was being kidnapped, I drove away from the side of the road at a high rate of speed, taking K.C.S. and Barrera Estrada with me (Morales was standing outside the vehicle). I was later apprehended on foot in the Arizona desert.

b.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

### APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my attorney. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court

1     after consideration of the advisory Sentencing Guidelines.

2         My guilty plea is not the result of force, threats, assurances, or promises, other than

3     the promises contained in this agreement. I voluntarily agree to the provisions of this

4     agreement and I agree to be bound according to its provisions.

5         I understand that if I am granted probation or placed on supervised release by the

6     Court, the terms and conditions of such probation/supervised release are subject to

7     modification at any time. I further understand that if I violate any of the conditions of my

8     probation/supervised release, my probation/supervised release may be revoked and upon

9     such revocation, notwithstanding any other provision of this agreement, I may be required

10     to serve a term of imprisonment or my sentence otherwise may be altered.

11         This written plea agreement, and any written addenda filed as attachments to this

12     plea agreement, contain all the terms and conditions of the plea. Any additional

13     agreements, if any such agreements exist, shall be recorded in a separate document and

14     may be filed with the Court under seal; accordingly, additional agreements, if any, may not

15     be in the public record.

16         I further agree that promises, including any predictions as to the Sentencing

17     Guideline range or to any Sentencing Guideline factors that will apply, made by anyone

18     (including my attorney) that are not contained within this written plea agreement, are null

19     and void and have no force and effect.

20         I am satisfied that my defense attorney has represented me in a competent manner.

21         I fully understand the terms and conditions of this plea agreement. I am not now

22     using or under the influence of any drug, medication, liquor, or other intoxicant or

23     depressant that would impair my ability to fully understand the terms and conditions of this

24     plea agreement.

25

26     9/27/18
    Date                                   COREY WEBSTER NEWKIRK
                                            Defendant

27

28

**APPROVAL OF DEFENSE COUNSEL**

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

9/27/18
Date

KEVIN L. BURNS
Attorney for Defendant

//

//

**APPROVAL OF THE UNITED STATES**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

10/26/18
Date

CHRISTINA WU COVAULT
Assistant U.S. Attorney

**ACCEPTANCE BY THE COURT**

1-15-19
Date

THE HONORABLE DOUGLAS G. RAYES
United States District Judge

- 10 -